IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BILL MELOT,

        Petitioner,

v.                                                CIV 06-77 MCA/KBM

GARY CLINGMAN, Judge for the
Fifth Judicial District Court,
Lea County, New Mexico, et al.,

        Respondents.

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before the Court on Bill Melot's petition seeking habeas relief under 28 U.S.C. § 2254, where he challenges the state judge's order and sentence of imprisonment for contempt. *See Doc. 1.* It is also before the Court on Respondents' Answer and Motion To Dismiss. *See Docs. 9-11.* Because all of the claims can be resolved on the record as it stands presently before me, an evidentiary hearing is also unnecessary. *E.g., Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000); Rule 8(a), Rules Governing Section 2254 Cases In The United States District Courts.

I disagree with Respondents that Petitioner fails to meet the "in custody" requirement. Although Melot had been released from jail when he filed his federal petition, his release was conditional. On May 19, 2005, Judge Gary Clingman *sua sponte* issued the release order:

> Defendant may be released upon a signature bond in the amount of
> $40,000.00 on the condition that he refrain from selling any
> gasoline or violating any of the Court's previous orders. The
> balance of the Defendant's sentence is held in abeyance and [he] is

>   to [be] released to his wife upon signing of the above referenced
>   signature bond.

*Exhibit X.*[1]  The same day, Melot executed the signature bond and agreed to:

>   pay of the sum of $40,000.00 to the State of New Mexico in the
>   event I violate any of the conditions of release as indicated in the
>   Order Modifying Conditions of Release on file herein and as
>   explained to me by [Judge] Clingman in open court of May 19,
>   2005.  I further agree to appear at all times ordered by this Court or
>   any other court with regard to this matter.

*Exhibit Y.*

The "in custody" requirement is jurisdictional, but does not necessarily require physical incarceration.  A conditional release satisfies the requirement.  *See, e.g., Meleng v. Cook,* 490 U.S. 488, 491 (1989); *Jones v. Cunningham,* 371 U.S. 236, 242 (1963); *Sevier v. Turner,* 742 F.2d 262, 268-69 (10th Cir. 1984); *Edwards v. Oklahoma,* 429 F. Supp. 668, 669 (W.D. Okla. 1976) (and *Walker* and *Wojytcha* decisions cited therein), *rev'd on other grounds,* 577 F.2d 1119 (10th Cir. 1978).

However, Respondents alternatively argue that the issues are unexhausted, and on this point I agree.  After the sentence was imposed, Melot's attorney challenged the sentence simultaneously with an "emergency" habeas petition in the nature of mandamus filed with the New Mexico Supreme Court, as well as with a direct appeal to the New Mexico Court of Appeals.  *See Exhibits T, Z.*  Counsel raised the same arguments in both avenues.  *See Exhibits Z, DD, FF.*  Melot's subsequent release mooted the mandamus petition.  *See Exhibit CC.*  Later, the Court of Appeals rejected counsel's characterization of the contempt as criminal and counsel's

---

[1] Throughout this recommendation all citations to "Exhibits" are those attached to Respondents' Answer.  *See Doc. 11.*  Petitioner's "verified" facts attached as "Exhibit A" to his petition, is cited as "Attachment."

arguments that the contempt sentence was imposed in violation of double jeopardy. *See, e.g., Exhibits DD-GG.*

On January 24, 2005, either Melot or his attorney filed a motion to accept a petition for a writ of certiorari as timely. The New Mexico Supreme Court denied the motion on January 25, 2006. *Exhibit II.* He did not pursue state habeas relief thereafter. Melot filed this federal petition on January 26, 2006, and he raises seven issues, the majority of which were not raised before any state court. *See Doc. 1.*

In the Tenth Circuit, failure to submit a timely petition for certiorari is not "proper presentation" for exhaustion purposes. *See Dever v. Kan. State Penitentiary,* 36 F.3d 1531, 1534 (10th Cir. 1994) ("The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack.") (citing *17A Charles A. Wright et al.,* FEDERAL PRACTICE AND PROCEDURE § 4264.1 at 341 (1988); *see also, e.g., Rush v. Friel,* 155 Fed. Appx. 398, 400 (10th Cir. 2005) ("Mr. Rush's untimely appeal to the Utah Supreme Court resulted in that court's never hearing his constitutional claims, so they are unexhausted.").

Thus, even though the Court of Appeals issued a decision on the merits of some of the issues, none of the issues Melot raises here have been exhausted for federal habeas purposes. Melot has not pursued state habeas relief and, as Respondents point out, that avenue of relief is still available to him. *See Doc. 10* at 9. As such, his federal petition should be dismissed without prejudice. *See Pliler v. Ford,* 542 U.S. 225, ___, 124 S. Ct. 2441, 2446 (2004); *Salazar v. Lemaster,* 130 Fed. Appx. 208, 210 n.2 (10th Cir.), *cert. denied,* ___ U.S. ___, 126 S. Ct. 347 (2005).

Wherefore,

**IT IS HEREBY RECOMMENDED** that the § 2254 petition be dismissed without prejudice for failure to exhaust state remedies.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE